CAMDEN COUNTY CIRCUIT COURT.

LOUIS B. LeDUC, PLAINTIFF, v. HAMPTON E. WILLIAMS, DEFENDANT.

Submitted December 5, 1928—Decided December 21, 1928.

For the plaintiff, *Ralph W. Wescott.*

For the defendant, *Joseph B. Tyler.*

DONGES, J. This is a suit to recover for services rendered as attorney and counselor in several pieces of litigation.

Motion is made to strike the fourth affirmative defense, which challenges the right of plaintiff to maintain such action upon an implied contract to pay for services as an advocate and attorney. The language of the defense is as follows:

"Fourth defense. Plaintiff's charges are for services as an advocate as well as an attorney and are inseparable and there can be no recovery therefor."

1. By section 9 of the Practice act of 1903, it was provided that:

"No solicitor or attorney shall commence or maintain any action for the recovery of any fees, charges or disbursements, in equity or at law, against his client or his legal representative, until he shall have delivered to such client or his representative or left for him at his usual place of abode a copy

of the tax bill of such fees, charges and disbursements." *Comp. Stat., p.* 4054.

By amendment (*Pamph. L.* 1911, *p.* 412) it is provided:

"Every solicitor, attorney and counselor may commence and maintain an action for the recovery of any reasonable fees, charges or disbursements, in equity or at law, against his client or his legal representative, provided he shall have first delivered to such client or his legal representative or left for him at his usual place of abode, a copy of his bill of such fees, charges and disbursements." *Cum. Supp. Comp. Stat., p.* 2793.

An attorney might, before the act of 1911, maintain an action for his services and disbursements. *Van Atta* v. *McKinney's Executors,* 16 *N. J. L.* 235; *Schomp* v. *Schenck,* 40 *Id.* 195; *Voorhees* v. *Barr,* 59 *Id.* 124.

At common law an advocate was incapable of contracting for services, but our courts, in a number of cases, modified the rule by permitting a recovery in cases where the amount of the fee is agreed upon. *Seeley* v. *Crane,* 15 *N. J. L.* 35; *Schomp* v. *Schenck, supra; Hopper* v. *Ludlum,* 41 *N. J. L.* 182; *Zabriskie* v. *Woodruff,* 48 *Id.* 610; *Voorhees* v. *Barr, supra; Strong et al.* v. *Mundy,* 52 *N. J. Eq.* 833; *Bentley* v. *Fidelity, &c.,* 75 *N. J. L.* 828.

In this state of the law, the legislature passed the act of 1911 above quoted. This amendment clearly extended the right to recover for services as counsel or advocate, provided a copy of the bill for fees and charges was served, and it provided that the recovery should be for "any reasonable fees, charges or disbursements." In view of the right to recover on express contract theretofore, the obvious effect of the act in question was to give an advocate (a counselor) the same right of action to recover for services that an attorney had. This is a right to sue upon an implied contract for the reasonable value of the services rendered, after giving his client a copy of his bill of such fees, charges and disbursements. Any other construction of this act seems to me to be strained and artificial.

2. Defendant urges that, if the act in question is to be construed as giving counselors a right to recover for services

as advocates, it violates the provision of the constitution requiring the object of the act to be expressed in the title (article 4, section 7, paragraph 4). It is asserted that the title does not express the object of the act.

The title of the act is "An act to amend an act entitled 'An act to regulate the practice of courts of law.' "

The history of this act is discussed by Mr. Justice Swayze in *In re Hahn,* 85 *N. J. Eq.* 510.

From earliest times matters relating to the suability of attorneys and to the conduct of counselors, solicitors and attorneys have been included in this act. Numerous cases arising under the first twelve sections of this act have been in our courts. *Clock* v. *Donnelly,* 94 *N. J. L.* 124.

In none that I have been able to find is there an intimation that the historic title is not broad enough to embrace the enactments. The language used in *In re Hahn, supra,* would seem to settle this question.

In this act, now known as "the Practice act," we find a number of provisions not having to do with procedural steps or administration of litigation merely, but affecting substantive rights. Such a provision is found in section 28, giving a third person a right to sue on a contract for his benefit. This provision has been the subject of much litigation, both at law and in equity.

A reading of the "Practice act" and a study of its history demonstrates that it has acquired in common and legislative usage a meaning much broader than merely to indicate the form, manner and order in which proceedings in courts of law are to progress.

The title, therefore, being appropriate in the light of historic legislative usage to inform any person of the probable content thereof, and the legislation in question being within the general object of the act, the constitutional provision invoked is not violated. *Eaton, &c., Co.* v. *Central Railroad Co.,* 52 *N. J. L.* 267; *State* v. *Twining* (*Court of Errors and Appeals*), 73 *Id.* 683; *Gillard* v. *Manufacturers Insurance Co.,* 93 *Id.* 215.

I conclude, therefore, that the fourth affirmative defense must be stricken out.